IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW T. MOYER

Plaintiff,

v.                                        Civil Action No. _____

TITLE GUARANTY OF HAWAII, LLC
a/k/a TITLE GUARANTY OF HAWAII,
INCORPORATED
225 Queen Street, Suite 500
Honolulu, HI 96813

Defendant.

## COMPLAINT

NOW COMES Plaintiff, Matthew T. Moyer, by and through the undersigned counsel, and files the following Complaint against Defendant, Title Guaranty of Hawaii, LLC a/k/a Title Guaranty of Hawaii, Incorporated, stating as follows:

## PARTIES

1. Plaintiff Dr. Matthew T. Moyer ("Plaintiff" or "Moyer") is an adult individual with a primary address of 1090 Eby Road, Palmyra PA 17078.

2. Defendant, Title Guaranty of Hawaii, LLC a/k/a Title Guaranty of Hawaii, Incorporated ("Defendant" or "TGH") is a Hawaii limited liability company with a last known address of 225 Queen Street, Suite 500, Honolulu, HI 96813.

## JURISDICTION

3. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists among the parties. Plaintiff is a resident of the Commonwealth of Pennsylvania, and Defendant is a resident of the State of Hawaii. Further, the amount in controversy with respect to each count exceeds $75,000.00, exclusive of interests and costs.

## VENUE

4. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) in that (1) Plaintiff resides in this judicial district and the Commonwealth of Pennsylvania and (2) a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND

5. In March 2025, Moyer became acquainted with an individual, Brian Anderson, who, as a member of Ho'omalu LLC, was seeking investors for a certain real estate development project commonly known as Ainamalu (the "Ainamalu Project").

6. Defendant was the escrow agent handling the closing of the Ainamalu Project.

7. On or about March 12, 2025, Ho'omalu, LLC and Moyer entered into a certain agreement wherein Moyer would provide the sum of $500,000.00, to be held by Defendant, for the claimed purpose of providing a good faith showing of funds to Romspen (REOMASTER) Holdings Inc. ("Romspen"), the seller in the Ainamalu Project.

8. The terms of the Agreement between Moyer and Ho'omalu were set forth in a certain Promissory Note between Moyer and Ho'omalu, a copy of which is attached hereto and made a part hereof as Exhibit "A".

9. Moyer and Ho'omalu executed a Letter of Direction which was provided to Defendant, identifying Defendant as escrow agent for the $500,000.00 to be deposited by Moyer, a true and correct copy of which Letter of Direction is attached hereto and made a part hereof as Exhibit "B".

10. The Letter of Direction specifically provides Moyer's deposit "is for the sole purposes of being used as Good Faith Money. These funds are not to be used by Client (Ho'omalu) as anything other than evidence that Client (Ho'omalu) is committed to closing this acquisition…".

11. The Letter of Direction further states that Defendant shall keep the $500,000.00 separate from the Lender's funds and once the Lender's funds are deposited, the $500,000.00 Good Faith money will be released immediately to Moyer, and that if Lender does not perform, the $500,000.00 Good Faith money

would be automatically returned to Moyer on the 30th calendar day from date of deposit.

12. Moyer wired the $500,000.00 to Defendant on March 18, 2025 ("Escrow Funds") and Defendant confirmed receipt.

13. Closing did not occur with the 30 days from the date of Moyer providing Defendant the Escrow Funds.

14. On or about May 28, 2025, Moyer inquired about the status of the Escrow Funds, and Defendant, through its Vice President Barbara Paulo, advised that the Escrow Funds were disbursed to Romspen, the seller, "in a rush" but that she would request the parties return the Escrow Funds. A true and correct copy of the email correspondence from Defendant is attached hereto and made a part hereof as Exhibit "C".

15. Defendants neither contacted Moyer prior to the disbursement of the funds nor secured his permission for the disbursement.

16. On November 18, 2025, Moyer, through the undersigned counsel, demanded the reimbursement of the Escrow Funds. A true and correct copy of the demand letter directed to the Defendant is attached hereto and made a part hereof as Exhibit "D".

17. To date, Defendant has failed to account for or return the Escrow Funds to Moyer.

## COUNT I - BREACH OF FIDUCIARY DUTY

18. The allegations of paragraphs 1 through 17 inclusive are incorporated herein by reference.

19. Moyer transferred the Escrow Funds to Defendant's Escrow Account to be held in trust and returned only to Moyer upon closing or expiration of 30 days, pursuant to the Letter of Direction.

20. In its capacity as the holder of the Escrow Funds, Defendant owed a fiduciary duty to Moyer with respect to the Escrow Funds.

21. Defendant knew that the Escrow Funds were not to be disbursed to anyone else other than Moyer as set forth in the Letter of Direction.

22. Defendant breached its fiduciary duty to Moyer by, inter alia:

   a. disbursing the Escrow Funds to Romspen in direct violation of the instructions as set forth in the Letter of Direction and without notice to Moyer; and/or

   b. disbursing the Escrow Funds without receiving the express authority to do so by Moyer; and/or

   c. failing to return the Escrow Funds to Moyer; and/or

   d. failing to provide a full and accurate accounting of the Escrow Funds.

23. Defendant's breach of fiduciary duty has directly and/or proximately caused Plaintiff to incur harm and damages; specifically, to date, causing Plaintiff to incur losses in at least the amount of $500,000.00.

**WHEREFORE,** Plaintiff requests that judgment be entered in his favor and against the Defendant in an amount to be determined at trial, but at least in the amount of $500,000.00, plus punitive damages, prejudgment and post-judgment interest, attorneys fees and/or other costs and expenses as permitted by law as well as such other legal and equitable relief to which Plaintiff may be entitles at law or equity.

## COUNT II - NEGLIGENCE

24. The allegations of paragraphs 1 through 23 inclusive are incorporated herein by reference.

25. Defendant owed a duty to Plaintiff to conduct its operations consistent with the standard of care in the title company industry and to safeguard the funds entrusted to its care.

26. Defendant failed to conduct its operations consistent with the standard of care in the title company industry and otherwise breached its duties by the actions and omissions set forth above including, but not limited to:

   a. failing to have prudent and sufficient procedures in place, and to otherwise act, to accurately safeguard the funds held in escrow;

      b.    failing to appropriately supervise its employees, agents and representatives;

      c.    failing to place appropriate controls on its escrow trust accounts and on trust funds entrusted to its care;

      d.    failing to properly and prudently monitor and manage its escrow trust accounts;

      e.    failing to take other steps reasonably or customarily taken by title agents to protect escrow funds and the interests of its principals.

27. The actions and omissions of Defendant constitute negligence and are the direct and proximate cause of injury and harm to Moyer.

28. Defendant's negligence has directly and/or proximately caused Plaintiff to incur harm and damages; specifically, to date, causing Plaintiff to incur losses in at least the amount of $500,000.00.

**WHEREFORE,** Plaintiff requests that judgment be entered in his favor and against the Defendant in an amount to be determined at trial, but at least in the amount of $500,000.00, plus punitive damages, prejudgment and post-judgment interest, attorneys fees and/or other costs and expenses as permitted by law as well as such other legal and equitable relief to which Plaintiff may be entitles at law or equity.

## COUNT III – BREACH OF BAILMENT

29. The allegations of paragraphs 1 through 28 inclusive are incorporated herein by reference.

30. Moyer entrusted his personal property with the Defendant by transferring the Escrow Funds to Defendant to be held in trust.

31. Defendant agreed to undertake entrustment of Moyer's property by agreeing to hold the Escrow Funds and owed a duty to Moyer to protect his property.

32. Defendant breached its duty to Moyer by disbursing the Escrow Funds to Romspen and depriving Moyer his right to possession of the Escrow Funds.

33. As a direct and proximate result of Defendant's actions, Moyer has been harmed and will continue to be harmed, causing Plaintiff to incur losses in at least the amount of $500,000.00.

**WHEREFORE,** Plaintiff requests that judgment be entered in his favor and against the Defendant in an amount to be determined at trial, but at least in the amount of $500,000.00, plus punitive damages, prejudgment and post-judgment interest, attorneys fees and/or other costs and expenses as permitted by law as well as such other legal and equitable relief to which Plaintiff may be entitles at law or equity.

Respectfully submitted,

**JSDC Law Offices**

By:     /s/ Kimberly A. Bonner

Scott A. Dietterick, Esquire (PA ID #55650)
Kimberly A. Bonner, Esquire (PA ID #89705)
11 E. Chocolate Avenue, Suite 300
Hershey, PA 17033
Phone: (717) 533-3280; Fax: (717) 533-2795
Email: sad@jsdc.com; kab@jsdc.com
*Attorneys for Plaintiff*